UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ALAN SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>CHIME STRIDE BANK, N.A.,<br><br>Defendant. | Case No. 21-cv-06068-RS<br><br>**ORDER DENYING RULE 60(b) MOTION** |

Plaintiff Eric Alan Sanders filed a motion for relief under Federal Rule of Civil Procedure 60(b)(6) seeking to set aside the dismissal of his case for failure to prosecute and comply with court deadlines. *See* Order, Dkt. 19 (Oct. 19, 2021). Sanders argues extraordinary circumstances justify reopening his case. For the reasons below, Sanders' motion is denied.

## DISCUSSION

As a preliminary matter, it appears a separate document setting out the judgment should have been, but was not, entered in this case after the dismissal order was issued on October 19, 2021. Federal Rule of Civil Procedure 58(c) specifies that where a separate document setting out a judgment is required, judgment is entered at the earlier of the following events: "(A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket." The order dismissing this case was a judgment under Rule 54(a) as it was appealable. *See, e.g.*, *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Judgment, therefore, was entered 150 days after October 19, 2021, on March 18, 2022. *See* Fed. R. Civ. P. 54(a) ("'Judgment' . . . includes a decree and any order from which an appeal lies.").

Rule 60(b)(6) provides a party may be relieved "from a final judgment, order, or proceeding for . . . any other reason that justifies relief." A motion for relief under Rule 60(b)(6) must be made within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1). Factors relevant to determining whether a motion was brought within a reasonable time include "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). Rule 60(b)(6) operates as a "catch-all provision" for a court to justify relief and "has been used sparingly as an equitable remedy to prevent manifest injustice." *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (citation omitted). The moving party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (alteration in original) (quoting *Comm. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

Sanders contends the death of his mother in May 2021, his subsequent lack of income, and the mental health challenges he faced during the summer of 2021 made it impossible for him to comply with court deadlines. *See* Dkt. 20, at 2. The Court sympathizes with Sanders and recognizes the difficulties associated with proceeding *pro se* under such circumstances. That said, the mental health struggles to which Sanders points as partially justifying relief occurred more than two years ago. Sanders offers no explanation for why he waited so long to seek relief from the order dismissing this action. Without further explanation, Sanders' delay is unreasonable and weighs heavily against granting relief. *See* Fed. R. Civ. P. 60(c)(1). The interest in finality, prejudice to other parties (here, the Defendant), and Sanders' ability to learn of the grounds for dismissal earlier also weigh in favor of denying the motion.

Further, Sanders does not adequately explain why he was unable to comply with court orders and related deadlines from August to October of 2021. Sanders explains he had a manic episode in July 2021, but does not claim to have had any additional manic episodes in the following months that would have prevented him from complying with court orders. Sanders has not shown extraordinary circumstances prevented him from prosecuting his case from August to

October of 2021.

## CONCLUSION

For the reasons set forth above, Sanders' motion for relief under Rule 60(b)(6) is denied. The case will remain closed.

**IT IS SO ORDERED**.

Dated: January 8, 2024

_____
RICHARD SEEBORG
Chief United States District Judge